**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PARADIGM TRANSPORTATION MANAGEMENT GROUP, LLC,<br>Plaintiff,<br>v.<br>THOMPSON PIPE GROUP, INC.,<br>Defendant. | Case. No. 2:26-cv-00599<br><br>**COMPLAINT** |

Plaintiff Paradigm Transportation Management Group, LLC ("Paradigm" or "Plaintiff"), by and through counsel, files the within Complaint against Thompson Pipe Group, Inc ("Defendant", together with Plaintiff, the "Parties"), and avers as follows:

## NATURE OF CLAIM

1. Paradigm brings this action to recover from Defendant amounts due and owing for unpaid transportation services provided by Plaintiff at Defendant's request pursuant to a contract between them.

## PARTIES

2. Plaintiff is a Pennsylvania limited liability corporation with a principal business address of 100 Commerce Drive, Pittsburgh, PA.

3. Plaintiff is owned by R&R Express Holdco, Inc., a Pennsylvania corporation with a principal place of business of 100 Commerce Drive, Pittsburgh, PA and an individual, John Gallardo, a citizen of Pennsylvania.

4. Defendant is a California corporation with a principal place of business located at 1003 MacArthur Blvd, Grand Prairie, TX 75050.

## JURISDICTION AND VENUE

5. The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that, among other things, the Plaintiff is located here, Defendant regularly conducts business here, and the contract which is the subject matter of this dispute was formed in this venue.

## BACKGROUND

7. Plaintiff is a licensed transportation brokerage company that provides certain transportation related services (the "Transportation Services") on behalf of various shippers, including the Defendant.

8. In or about February of 2025, Defendant requested, and Paradigm agreed, to provide Transportation Services at Paradigm's standard pricing to be invoiced and paid net in thirty (30) days (the "Contract").

9. Commencing immediately thereafter the Parties engaged in course of dealing and course of performance where, at Defendant's request, Paradigm arranged for the pick-up of the Defendant's goods/freight and delivery of said items to the destinations designated by Defendant.

10. Pursuant to the Contract and as a part of the course of dealing and court of performance, bills of lading (the "Bills of Lading") were issued to Defendant at the time of shipment foreach load Plaintiff arranged for the delivery of, including the Unpaid Loads (defined below). The Bills of Lading create binding legal obligations on the Defendant to pay for the Transportation Services independent of, but consistent with, the Contract.

11. Upon the successful delivery of a load, Paradigm routinely submitted an invoice to the Defendant for the amounts due and owing from Defendant to Paradigm for the Transportation Services (the "Invoices"). The Invoices contain the agreed-upon written term that payment is due net thirty (30) days.

12. In accordance with the terms of the Contract, the Invoices, the Bills of Lading and the course of performance and course of dealing of the parties, payment on each Invoice was due net in thirty (30) days. Copies of the Invoices with the Bills of Lading attached are voluminous and therefore not attached to the Complaint. This documentation is readily available electronically for submission to the Court and in discovery.

13. From February of 2025, Defendant paid the invoices substantially in accordance with the Contract.

14. Over the course of their business relationship, Plaintiff brokered one hundred and eighty (180) loads of freight on Defendant's behalf for which Defendant paid approximately $993,263.51 of the $1,228,763.51 invoiced.

15. Commencing with invoicing dated in October, 2025 and continuing thereafter, and despite Paradigm's repeated requests and demands for payment, the Defendant has failed and refused to pay the Unpaid Loads for the amounts due and owing on each corresponding Invoice (the "Unpaid Loads"). Attached hereto as **Exhibit A** is a detailed list of the Unpaid Loads.

16. The total amount due and owing from Defendant to Paradigm for the Unpaid Loads is Two Hundred Thirty-Four Thousand Eight Hundred Twenty-Five Dollars and No Cents ($234,825.00), exclusive of interest, with additional amounts to become due as the invoicing ages.

**COUNT I**
**BREACH OF CONTRACT**

17. Paradigm incorporates by reference the allegations contained in all of the foregoing paragraphs.

18. The Contract constitutes a valid and binding contract a between the Parties.

19. Paradigm has substantially and materially complied with all terms and conditions of the Contract by arranging for Transportation Services.

20. Defendant breached the Contract by failing and refusing, and continuing to fail and to refuse, to pay for Plaintiff's Transportation Services .

21. As a direct and proximate result of the Defendant's breach, Paradigm has suffered damages in the amount of Two Hundred Thirty-Four Thousand Eight Hundred Twenty-Five Dollars and No Cents ($234,825.00), exclusive of interest, with additional amounts to become due as the invoicing ages.

**COUNT II**
**UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)**

22. Paradigm incorporates by reference the allegations contained in all of the foregoing paragraphs.

23. Paradigm conferred benefit upon Defendant by arranging and coordinating Transportation Services.

24. Defendant knowingly accepted and benefitted from Paradigm providing the Transportation Services and successfully delivering Defendant's goods and freight.

25. It would be inequitable for Defendant to reap the benefits of Paradigm's Transportation Services without paying for them.

26. Defendant was unjustly enriched in the amount of Two Hundred Thirty-Four Thousand Eight Hundred Twenty-Five Dollars and No Cents ($234,825.00), exclusive of interest, with additional damages to accrue due as the invoicing ages.

**COUNT III**
**QUANTUM MERUIT (PLEADED IN THE ALTERNATIVE)**

27. Paradigm incorporates by reference the allegations contained in all of the foregoing paragraphs.

28. Defendant requested Paradigm to provide the Transportation Services.

29. Paradigm provided the Transportation Services.

30. Paradigm expected to be compensated for those Transportation Services and Defendant knew and acknowledged that Paradigm expected to be paid for the Transportation Services .

31. The fair value of the Transportation Services is as stated in the Invoices for the Unpaid Loads, that is Two Hundred Thirty-Four Thousand Eight Hundred Twenty-Five Dollars and No Cents ($234,825.00), exclusive of interest, with additional fair value of services to accrue as the invoicing ages.

**COUNT IV**
**ACCOUNT STATED**

32. Paradigm incorporates by reference the allegations contained in all of the foregoing paragraphs.

33. Paradigm rendered invoices to Defendant for Transportation Services performed.

34. Defendant received and accepted the Invoices for the Unpaid Loads without objection within a reasonable time.

35. An account was stated between the parties in the amount of Two Hundred Thirty-Four Thousand Eight Hundred Twenty-Five Dollars and No Cents ($234,825.00), exclusive of interest, with additional amounts to become due as the invoicing ages, exclusive of interest, with the stated account to continue to accrue as the invoicing ages.

36. Defendant has failed to pay the balance due.

[Remainder of Page Intentionally Blank]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks the following relief:

1. Damages in the amount to be determined at trial, but not less than Two Hundred Thirty-Four Thousand Eight Hundred Twenty-Five Dollars and No Cents ($234,825.00);

2. An award of pre-judgment and post-judgment interest; and,

3. Grant of such other relief as the Court deems just and proper.

*/s/ Ronald W. Crouch*
Ronald W. Crouch, Esquire
Pa. I.D. No. 35155
RAINES FELDMAN LITTRELL LLP
11 Stanwix Street, Suite 1500
Pittsburgh, PA 15222
T: 412-899-6497
F: 412-593-5185
rcrouch@raineslaw.com

Attorney for Plaintiff

Date: April 8, 2026