**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PARADIGM TRANSPORTATION MANAGEMENT GROUP, LLC,<br><br>Plaintiff/Counter-defendant,<br><br>v.<br><br>THOMPSON PIPE GROUP, INC.,<br><br>Defendant/Counterclaimant/Third Party Plaintiff,<br><br>v.<br><br>API EXPRESS, INC., ARC EXPRESS INC., BRIAN MUNDAY TRUCKING, LLC, FIVE LIONS TRANSPORTATION LLC, MOVEMATE LOGISTICS, LLC, OTAMAN TRANS GROUP INC., PEACEMAKER EXPRESS DBA SHALAM TRANSPORT LLC, POLARIS FREIGHT GROUP, LLC, PROGRESS FREIGHT, LLC, RTA FREIGHT LLC, SPEED OF LIGHT TRANSPORTATION, LLC, STAR CARRIERS INC, TRUCKLINE SOLUTION INC, WINGO TRANSPORTATION INC., YOU PRO INC., and JOHN DOE FREIGHT COMPANIES 1 THROUGH 10,<br><br>Third Pary Defendants. | Case. No. 2:26-cv-599<br><br>ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD PARTY COMPLAINT |

Defendant, Thompson Pipe Group, Inc. (“Defendant” or “TPG”), by and through its attorneys, the law firm of Pierson Ferdinand, LLP, as and for its Answer and Affirmative Defenses to the Complaint filed against it by plaintiff Paradigm Transportation Management Group, LLC (“Paradigm” or Plainitff”), hereby alleges:

1. The statement in the corresponding paragraph of the Complaint are introductory in nature, do not contain allegations of fact against TPG and, therefore, require no response by TPG. To the extent a response is deemed required, TPG admits that Paradigm has brought the action to recover amounts for transportations services and further admits that TPG is obligated to pay such amounts. TPG is unable determine to whom said amounts should be paid, however, without subjecting itself to multiple liability and vexatious litigation because TPG has received conflicting claims to the same amounts due and owing for transportation services from other persons or entities and reasonably anticipates additional adverse claims against said amounts. Accordingly, TPG simultaneously with its Answer to the Complaint, herein asserts its counterclaim and third party complaint seeking interpleader relief. TPG lacks information sufficient to form a belief as any remaining allegations in the corresponding paragraph of the Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. The corresponding paragraph of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, TPG admits that this Court has subject matter jurisdiction over this matter.

6. The corresponding paragraph of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, TPG admits that this matter is properly venued before this Court.

7. TPG admits that it has contracted with plaintiff to provide transportation related services. TPG lacks information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of the Complaint.

8. TPG admits that it entered into an agreement for transportation related services with plaintiff in or about February 2025.

9. The corresponding paragraph of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, TPG admits that plaintiff, from time to time, arranged for the pickup and delivery of freight by various third party freight carriers as directed by TPG. Except as expressly admitted herein, TPG denies the allegations of the corresponding paragraph of the Complaint.

10. The corresponding paragraph of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, TPG admits that bills of lading were typically issued for each pickup and delivery of freight by a third party freight carrier arranged by defendant. Except as expressly admitted herein, TPG denies the allegations of the corresponding paragraph of the Complaint.

11. TPG admits that Paradigm routinely submitted an invoice for amounts due and owing from TPG for shipments completed. Except as expressly admitted herein, TPG lacks information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of the Complaint.

12. The corresponding paragraph of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are vague and not specific and, therefore, TPG lacks information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of the Complaint and therefore leaves plaintiff to its proofs.

13. Admitted.

14. TPG lacks information sufficient to form a belief as to the truth of the corresponding paragraph of the Complaint and therefore leaves plaintiff to its proofs.

15. Denied.

16. Denied.

AS TO COUNT I

17. TPG incorporates herein its responses in each of the foregoing paragraphs as though fully set forth at length.

18. TPG admits that plaintiff and TPG entered into a valid and binding contract for transportation brokerage services. Except as expressly admitted herein, TPG denies the allegations of the corresponding paragraph.

19. Denied.

20. Denied.

21. Denied.

AS TO COUNT II

22. TPG incorporates herein its responses in each of the foregoing paragraphs as though fully set forth at length.

23. Admitted.

24. Admitted.

25. Denied.

26. Denied.

AS TO COUNT III

27. TPG incorporates herein its responses in each of the foregoing paragraphs as though fully set forth at length.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

AS TO COUNT I

32. TPG incorporates herein its responses in each of the foregoing paragraphs as though fully set forth at length.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, TPG respectfully requests that this Honorable Court enter an Order of Judgment in favor of TPG and against plaintiff dismissing the Complaint and all causes of action alleged therein with prejudice and requiring plaintiff to pay to TPG all costs and reasonable attorney's fees incurred by and on behalf of TPG in connection with this action, together with such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. The Complaint and each cause of action therein is barred by virtue of plaintiff's actual or anticipatory breach of its own obligations under the contract between plaintiff and TPG including but not limited to its obligation to pay freight carriers for shipments arranged by plaintiff for TPG.

2. The Complaint and each cause of action therein is barred because TPG is entitled to interpleader relief as more fully set forth in its Counterclaim and Third Party Complaint below.

3. The Complaint and each cause of action therein is barred by operation of the doctrine of waiver.

4. The Complaint and each cause of action therein is barred by operation of the doctrine of equitable estoppel.

5. The Complaint and each cause of action therein is barred by operation of the doctrine of unclean hands.

6. The Complaint and each cause of action therein is barred by operation of the doctrine of set off.

7. The Complaint and each cause of action therein is barred by operation of the doctrine of recoupment.

**COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR INTERPLEADER RELIEF**

Defendant/third party plaintiff, Thompson Pipe Group, Inc. ( "TPG"), by and through its attorneys, the law firm of Pierson Ferdinand, LLP, as and for its Counterclaim against plaintiff/counter-defendant Paradigm Transportation Management Group, LLC ("Paradigm") and Third Party Complaint against third party defendants for interpleader relief and declaratory judgment, hereby alleges:

1. TPG is a disinterested stakeholder of funds payable as consideration for certain transportation related services brokered by plaintiff/counter-defendant Paradigm and completed by various freight carriers ("the transportation services") on behalf of TPG ("the disputed funds").

2. Paradigm and third party defendants each have asserted conflicting claims to the disputed funds.

3. TPG respectfully requests that this Court permit TPG to deposit the disputed funds into the Court's Registry and declare that such payment relieves TPG from any and all further liability for the transportation services at issue.

4. TPG further requests that this Court require Paradigm and each third party defendant to litigate their respective claims to the disputed funds and adjudge which of them may be entitled to payment of the disputed funds and in what amount.

## PARTIES, JURISDICTION AND VENUE

5. Jurisdiction before this Court is established pursuant to 28 U.S.C. § 1335, because the amount of disputed funds is greater than $500, and there is diversity between at least two of the named conflicting claimants (Paradigm and third party defendants) who are claiming entitlement to the disputed funds.

6. This Court may exercise supplemental jurisdiction over TPG's interpleader and declaratory judgment claims pursuant to 28 U.S.C. §1367 because the claims are so closely related to the claims asserted by Paradigm in the Complaint that they form a part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the conflicting claimants resides within this District.

8. TPG is a corporation organized under the laws of the State of California and maintains its principal place of business at 1003 MacArthur Blvd, Grand Prairie, TX 75050. TPG is a citizen of the States of California and Texas.

9. Paradigm is a Pennsylvania limited liability corporation with a principal business address of 100 Commerce Drive, Pittsburgh, PA.

10. Paradigm is owned by R&R Express Holdco, Inc., a Pennsylvania corporation with a principal place of business of 100 Commerce Drive, Pittsburgh, PA and an individual, John Gallardo, a citizen of Pennsylvania.

11. API Express, Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 12904 Bradford Ln, Plainfield, IL 60585. API Express, Inc. is a citizen of the State of Illinois.

12. ARC Express, Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 4503 N Krueger Rd, Long Grove, IL, 60047. API Express, Inc. is a citizen of the State of Illinois.

13. Brian Munday Trucking, LLC is a North Carolina limited liability corporation with a principal business address at 1503 Baton School Rd., Granite Falls, NC 28630.

14. Five Lions Transportation, LLC is a Texas limited liability corporation with a principal business address at 1702 Bellaire Ave, Mansfield, TX 76063.

15. Movemate Logistics, LLC is a Texas limited liability corporation with a principal business address of 921 Kingston Rd, Mansfield, TX 76063.

16. Otaman Trans Group Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 1440 Imhoff Dr., Lake in the Hills, IL 60156. Otaman Trans Group, Inc. is a citizen of the State of Illinois.

17. Peacemaker Express DBA Shalam Transport LLC is a Texas limited liability corporation with a principal business address of 2106 Ranchwood Dr., Lewisville, TX 75077.

18. Polaris Freight, LLC is a Texas limited liability corporation with a principal business address at 8319 Bigalow St., Arlington, TX 76002.

19. Progress Freight, LLC is an Illinois limited liability corporation with a principal business address at 380 E. Northwest Hwy, Ste 350A, Des Plains, IL 60016.

20. RTA Freight, LLC is an Illinois limited liability corporation with a principal business address at 719 Morton Ave., Aurora, IL 60506.

21. Speed of Light Transportation, LLC is a Georgia limited liability corporation with a principal business address at 1834 Live Oak Ln., Hampton, GA 30228.

22. Star Carriers, Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 1251 N Plum Grove Rd, unit 130 Q, Schaumburg, IL 60173. Star Carriers, Inc. is a citizen of the State of Illinois.

23. Truckline Solution, Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 2200 S Main St, Ste 309 , Lombard, IL, 60148. Truckline Solution, Inc. is a citizen of the State of Illinois.

24. Wingo Transportation Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 17735 Chappel Ave., No. Lansing, IL 60438. Wingo Transportation, Inc. is a citizen of the State of Illinois.

25. You Pro, Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 628 Clover LN., Schaumburg, IL 60193. You Pro Inc. is a citizen of the State of Illinois.

26. John Doe Freight Companies 1 through 10 are freight carriers whose identities are not yet known to TPG and could not be discovered in time to include in this pleading through the exercise of reasonable diligence and who have completed transportation services for TPG

brokered by Paradigm, whom Paradigm has not paid for said transportation services and who are reasonably expected to demand payment for said services directly from TPG.

**FACTUAL BACKGROUND**

27. TPG and Paradigm entered into a contractual relationship whereby Paradigm brokered for-hire truck transportation services on behalf of TPG with respect to TPG shipments.

28. Pursuant to the contract between TPG and Paradigm, Paradigm was to arrange for freight carriers to transport TPG shipments. The contract required Paradigm to negotiate and contract with for-hire freight carriers, which for-hire freight carriers were to invoice Paradigm for freight charges and Paradigm was to timely pay said invoices. Paradigm, in turn, was to invoice TPG for the shipment charges agreed to by TPG, including freight charges and brokerage fees.

29. Upon information and belief, as part of its process of selecting, onboarding, qualifying and contracting with each freight carrier, including each of the third party defendants, Paradigm required each third party defendant freight carrier to agree to and execute Paradigm's standard broker-carrier agreement.

30. Upon information and belief, Paradigm's standard broker-carrier agreement provides that freight carrier would look solely to Paradigm for payment of all invoices and under no circumstances may seek payment directly from TPG.

31. Upon information and belief, Paradigm's standard broker-carrier agreement included assignment by the freight carrier to Paradigm of all rights to collect freight charges from TPG.

32. Since in or about 2025, various of the third party defendant freight carriers have contacted TPG claiming that they have not been paid by Paradigm for transportation services provided in connection with TPG shipments.

33. TPG has been informed that third party defendant freight carriers have been paid by Paradigm for transportation services provided in connection with TPG shipments.

34. Paradigm has submitted invoices to TPG for said transportation services for which various of the third party plaintiff freight carriers have also demanded that TPG pay them directly ("the disputed funds"). Specifically, each of the third party defendants has demanded that TPG pay it directly for freight services rendered with respect to TPG shipments pursuant to broker-carrier agreements with Paradigm because Paradigm has not paid for services rendered by the third party defendant.

35. Each of the above-referenced demands from third party defendant freight carriers for payment directly from TPG seeks payment from TPG to the exclusion of and adverse to Paradigm's demand to TPG for payment of the disputed fund.

**CLAIM FOR INTERPLEADER RELIEF**

36. TPG recognizes its obligation to pay the disputed funds pursuant to the terms and provisions of its agreement with Paradigm for brokerage services. However, TPG is unable to determine to whom the proceeds are rightfully payable because of the conflicting claims asserted by third party defendants.

37. TPG is a disinterested stakeholder of the disputed funds as TPG makes no claim for itself against said disputed funds (other than for reimbursement of reasonable costs and fees).

38. TPG is exposed to multiple, conflicting and adverse claims for payment of the disputed proceeds involving multiple parties, all of which could involve the cost and expense of

defending one or more lawsuits seeking recovery, thus warranting interpleader relief to protect against the possibility of multiple liability and/or vexations litigation.

39. Because of the conflicting and adverse claims being asserted, TPG has been required to retain counsel to file this action, has incurred and will continue to incur reasonable attorneys' fees, and has incurred court costs and expenses incident to this action, all of which fees and costs TPG is entitled to be paid and/or reimbursed out of the proceeds of the Policies.

**WHEREFORE**, TPG respectfully requests that this Honorable Court enter an Order or Judgment and declare:

a. The rights and entitlement, if any, of each party in this matter to the disputed proceeds;

b. That Paradigm and each and every named third party defendant, and any and all other persons with a claim of entitlement to the disputed funds identified herein be enjoined from instituting and prosecuting any action against TPG and/or its agents in any court seeking to recover the proceeds from said benefits;

c. That Paradigm and each and every named third party defendant be required to file in this action, any and all respective claims to the disputed funds identified herein;

d. Upon depositing the proceeds of Policies with the Clerk of Court or as otherwise directed, TPG be discharged from this action and from any and all liability to Paradigm, third party defendants and any other person or entity that has or may assert a claim to the disputed funds identified herein;

e. That TPG be permitted to recover from the disputed funds identified herein any costs and fees, including reasonable attorneys' fees and costs, incurred in pursuing this action; and

f. That the Court award any and all other such relief as the Court deems just and proper.

June 1, 2026

Respectfully submitted,

*/s/ Robert P. Lesko*

Robert Lesko, Esquire (PA 71416)
PIERSON FERDINAND, LLP
276 E. Main Street St 10-17
Denville, NJ 07834
973-917-8686 (telephone)
*robert.lesko@pierferd.com*

*Counsel for defendant, counterclaimant and third party plaintiff, Thompson Pipe Group, Inc.*